UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-61723-GAYLES

**STEPHEN BOURGEOIS**,[1]
a/k/a Steven Bourgeoisz,

    Plaintiff,

v.

**DEPUTY PIRREY**,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g)

**THIS CAUSE** is before the Court on Plaintiff Stephen Bourgeois' *pro se* civil rights Complaint under 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a pretrial detainee, has not paid the filing fee and has filed a motion for leave to proceed *in forma pauperis* ("IFP") [ECF No. 3]. As explained below, Plaintiff may not initiate a civil action in federal court without prepaying the entire filing fee because he has three "strikes" under 28 U.S.C. § 1915(g). For the following reasons, his Complaint is **DISMISSED WITHOUT PREJUDICE**.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person who is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by

---

[1] Plaintiff has utilized different spellings of his name in his numerous filings in this District. In this case, he spells it "Steven Bourgeoisz." [ECF No. 1 at 1]. However, Plaintiff's name in the Florida Department of Corrections' database is spelled "Stephen Bourgeois," so the Court uses that spelling here. *See* Fla. Dep't of Corr., *Corrections Offender Network*, https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx (search DC Number: I46405).

filing a motion for leave to proceed IFP. 28 U.S.C. § 1915(a). The statute, however, contains a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. § 1915(g). The purpose of this provision, known as the "three-strikes rule," is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). After a prisoner has filed three or more meritless actions or appeals, a district court is authorized to dismiss the complaint without prejudice under the three-strikes rule if the prisoner fails to pay the filing fee "at the time he *initiates* suit." *Id*. (emphasis in original).

Plaintiff did not pay the filing fee when he initiated this suit. Therefore, his Complaint must be dismissed without prejudice under the three-strikes rule. A review of this District's Case Management/Electronic Case Files ("CM/ECF") database reveals that Plaintiff is a prolific filer who has filed over a dozen other civil actions in this District while incarcerated, more than three of which were dismissed as frivolous, malicious, or for failure to state a claim for relief. Plaintiff was recently determined to have three strikes by this Court. *See Bourgeois v. Medical Staff*, No. 25-cv-61625-DPG, ECF No. 5 (S.D. Fla. Aug. 13, 2025) (dismissing case under the three-strikes rule and noting that another judge in this District found that "Plaintiff has previously filed over fifteen civil cases" in this District while incarcerated).[2]

---

[2] Federal Rule of Evidence 201 permits the Court to take judicial notice of other courts' orders "for the limited purpose of recognizing the 'judicial act' that the order represents. . . ." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). The Court has confirmed that these cases were filed by the same Stephen Bourgeois who filed this case. In each case, Plaintiff used either his current Broward County Jail Number, 572501411, or a previous Broward County Jail Number, 191400123, and he listed the same date of birth.

In addition, Plaintiff's Complaint does not meet the "imminent danger of serious physical injury" exception to the three-strikes rule. 28 U.S.C. § 1915(g). To qualify under the imminent danger exception, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). "To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint." *Smith v. Dewberry*, 741 F. App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193).

Plaintiff's Complaint alleges that Defendant Deputy Pirrey is "threatening [ ] to hurt me and deny me . . . my tray of food." [ECF No. 1 at 2]. The Complaint contains no details about these alleged threats nor any allegations of imminent serious physical injury. *See Brown*, 387 F.3d at 1350 (holding that a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003))). Therefore, Plaintiff has not presented "specific allegations of present imminent danger that may result in serious physical harm." *Id*. at 1349.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** under the three-strikes rule of § 1915(g).

- 4 -

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:  **Stephen Bourgeois**, *pro se*
572501411
Joseph V. Conte Facility
Inmate Mail/Parcels
P.O. Box 407016
Fort Lauderdale, FL 33340